## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAMELA D. TUCKER,
                Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                Agency.

DOCKET NUMBER
CH-0752-13-0421-I-1

DATE: August 15, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Pamela D. Tucker</u>, Fontana, California, pro se.

<u>Demetrious A. Harris</u>, Esquire, Dayton, Ohio, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 The agency removed the appellant effective March 10, 2013, based on the sole charge of failure to follow instructions. Initial Appeal File (IAF), Tab 8, Subtabs 4A, 4B. The charge consisted of five specifications involving the appellant's failure to report to her assigned work area on December 17-19, and 31, 2012, and January 22, 2013. IAF, Tab 8, Subtab 4B. The appellant appealed her removal to the Board and requested a hearing. IAF, Tab 1 at 3. She raised affirmative defenses of whistleblower reprisal, disability and age discrimination, and retaliation for prior equal employment opportunity (EEO) activity. IAF, Tab 1 at 7, Tab 3 at 1, 3, 9.

¶3 After holding the requested hearing, the administrative judge issued an initial decision affirming the removal action. IAF, Tab 38, Initial Decision (ID) at 1. He found the charge sustained and the penalty of removal appropriate. ID at 3, 5. He also found that the appellant failed to establish her affirmative defenses of whistleblower reprisal, disability discrimination, and retaliation for prior EEO activity. ID at 3-5. The administrative judge did not address the appellant's age discrimination claim.

¶4 The appellant has filed a petition for review in which she claims the administrative judge ignored or failed to consider the evidence she presented below regarding the charged conduct and her affirmative defenses. Petition for Review (PFR) File, Tab 2. She also challenges several findings of fact made by the administrative judge as well as his account of the hearing testimony. *Id.* The agency has filed a response in opposition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The Board has held that an administrative judge must inform an appellant of the burdens and elements of proof on her affirmative defenses. *See Sarratt v.*

*U.S. Postal Service*, 90 M.S.P.R. 405, ¶ 12 (2001); *Burge v. Department of the Air Force*, 82 M.S.P.R. 75, ¶¶ 28-29 (1999); *see also Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Here, although the appellant raised affirmative defenses of whistleblower reprisal, disability and age discrimination, and retaliation for prior EEO activity, IAF, Tab 1 at 7, Tab 3 at 1, 3, 9, the administrative judge did not provide the appellant the required notice regarding her claims and the required notice does not appear elsewhere in the record. Therefore, remand is necessary. *See Warner v. Department of the Interior*, 115 M.S.P.R. 281, ¶ 7 (2010). On remand, the administrative judge shall fully apprise the appellant of the burdens and elements of proof on the affirmative defenses she raised below, and afford the appellant an opportunity for additional discovery and a supplemental hearing on these affirmative defenses if requested. *See Sarratt*, 90 M.S.P.R. 405, ¶ 13; *Burge*, 82 M.S.P.R. 75, ¶ 29.

¶6 In addition, although an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision, *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table), an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests, *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). If any of these items is missing or substantially incomplete, the Board will remand the appeal to the administrative judge for modification. *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 14 (2012).

¶7 Here, the administrative judge, without explanation, made several findings of fact regarding the charged conduct and the appellant's affirmative defenses that were either contested below or appear contrary to the written record. ID

at 2-5.  For instance, the administrative judge found that the appellant failed to supply medical documentation to support her request for reasonable accommodation due to her alleged inability to work in her assigned office.  ID at 2-3.  However, the record reflects that the appellant supplied letters from her primary care provider at the Cincinnati Veterans Affairs (VA) Medical Center to the agency requesting accommodation, but that the agency found the letters to be insufficient.[2]  IAF, Tab 3 at 51, 100-03, Tab 8, Subtabs 4C, 4D.  Further, the appellant argued that, in any event, she was not obligated under agency policy to supply additional medical documentation because she was a disabled veteran and her disabilities were on file with the agency.[3]  IAF, Tab 34 at 4-5, Tab 3 at 69.  Additionally, the administrative judge appears to have found that the appellant failed to establish that she had a disability for purposes of her disability discrimination claim.  ID at 3.  The record reflects, however, that the appellant is a 30% disabled veteran based on her diagnoses of ventricular arrhythmias and limited flexion of knee.  IAF, Tab 3 at 69.  The administrative judge also determined that the appellant's claim regarding mold in her office was unfounded.  ID at 2, 4-5.  The appellant alleged, however, and the record reflects, that the agency never performed a test for mold in her assigned office as she had requested.[4]  IAF, Tab 3 at 51, 100, 109.  Finally, in sustaining the charge, the administrative judge found that the appellant failed to report to her regular work station on the dates specified in the notice of proposed removal.  ID

---

[2] The appellant's primary care provider is a Nurse Practitioner and had been providing care to the appellant for over 10 years.  IAF, Tab 3 at 63, 100.  The agency informed the appellant that it required medical documentation from a "qualified physician that specifically specializes in the field" in order to consider her request for a reasonable accommodation.  IAF, Tab 8, Subtab 4F.

[3] Although the administrative judge acknowledged a portion of the appellant's argument in the initial decision, he did not make any findings in this regard.  ID at 2.

[4] The appellant alleged that she probably would have been approved for a non-VA consult with a qualified physician, and thus would have been able to secure the requested medical documentation from a medical doctor, had the agency conducted the proper testing in her assigned office as requested.  IAF, Tab 3 at 41.

at 2.  The administrative judge, however, did not acknowledge either that she had reported for duty on those dates (but not to the assigned office) or that her requests for leave under the Family and Medical Leave Act of 1993 on those dates were denied.  IAF, Tab 34 at 8, Tab 3 at 25-29, 84-85.

¶8      Under the circumstances, we vacate the initial decision in its entirety.  In the remand initial decision, the administrative judge shall summarize the pertinent evidence, including the relevant agency policies regarding reasonable accommodations, and support his findings with citations to the record and applicable case law.  *See Spithaler*, 1 M.S.P.R. at 589.  On issues that involve credibility determinations, the administrative judge shall state which version he believes and explain in detail why he found the chosen version more credible.  *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

## ORDER

¶9      For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.